PIEDMONT FINANCIAL COMPANY, INC. (FORMERLY PIEDMONT FINANCE COMPANY), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 45951, 50068, 60240. Promulgated October 19, 1932.

*Walter S. Orr, Esq.,* and *A. C. Newlin, Esq.,* for the petitioner.
*O. J. Tall, Esq.,* for the respondent.

OPINION.

ARUNDELL: These proceedings, duly consolidated for hearing and report, are brought for the redetermination of deficiencies in the amounts of $67,508.96, $19,407.41 and $6,808.58 for the fiscal years ended June 30 of each of the years 1926, 1927 and 1929, respectively. An issue in Docket No. 60240 involving a deduction on account of improvements to leased premises has been settled by stipulation. The remaining issue, common to all three of the cases, is whether certain securities, some of which were sold in each of the taxable years, were acquired in connection with a reorganization so as to require petitioner to use cost to its transferor as a basis for computing gain or loss, or whether the basis is the value of the securities at the time of acquisition.

We adopt as our findings of fact the stipulation filed by the parties. From this, and the documents filed therewith, it appears

that petitioner was incorporated under the laws of Delaware on December 22, 1925, with an authorized capital stock of 100,000 shares of no par value. At a meeting of its directors held on the day following incorporation, two individuals, H. S. Richardson and L. Richardson, owning together 1,764 shares of the Piedmont Finance and Realty Company, hereinafter called the Realty Company, and a third person, H. D. Blendinger, owning certain stock of the Vick Chemical Company, offered to exchange their holdings in the Realty and Vick Chemical Companies for all the stock of the petitioner in the proportion of 35,000 shares to H. S. Richardson, 25,000 shares to L. Richardson, and 40,000 shares to Blendinger. Petitioner's directors voted to accept the offer.

The Realty Company had an authorized capital stock of 5,000 shares of no par value, of which 3,174 shares were issued and outstanding. The stipulation filed does not show definitely when the Realty Company stock was transferred to petitioner. At the hearing, however, counsel for the parties agreed that the petitioner acquired all the stock of the Realty Company on April 1, 1926, in exchange for its stock having a value of $4,627,617.05, and its notes in the principal amount of $1,200,000. The "fair actual value" of the Realty Company stock thus acquired is stipulated to be $5,827,617.05, this being the net value of its assets.

On April 12, 1926, the directors of the Realty Company adopted a resolution to dissolve it, to which the stockholders consented on April 20, 1926, and a certificate of dissolution was filed with the Secretary of State of the State of Delaware on April 26, 1926. The Realty Company was liquidated on April 30, 1926, and its assets, subject to its liabilities, were distributed in kind to its sole stockholder, the petitioner in these proceedings.

The fair value of the Realty Company's assets, in excess of its liabilities, at the time of distribution to petitioner was $5,902,791.39, which was $75,174.34 in excess of the value of the Realty Company's assets at the time its stock was acquired by petitioner on April 1, 1926.

Petitioner has always filed its returns on the basis of a fiscal year ending June 30, and the Realty Company during its existence filed returns on the same basis. The two companies never filed a consolidated return. It its original return for the year ended June 30, 1926, petitioner reported no gain or loss as the result of the liquidation of the Realty Company. In an amended return for that year filed in April, 1928, it reported a profit on the liquidation in the amount of $75,228.30.

Among the assets taken over by petitioner on the liquidation of the Realty Company were a number of bonds of corporations, states,

and municipalities, 79,547 shares of stock of the Vick Chemical Company, and an undisclosed number of shares of the Peerless Chemical Company. After the liquidation of the Realty Company, but prior to June 30, 1926, petitioner sold some of the bonds so acquired, and within that period the Peerless Chemical Company was liquidated, and as a result thereof petitioner received cash for its stock in that company. Also within that period and in each of the fiscal years 1927 and 1929, petitioner sold a part of the Vick Chemical Company stock acquired from the Realty Company. In reporting gain or loss on each of these transactions petitioner used as a basis the value of the property at the time of liquidation of the Realty Company, with one exception, namely, the sale of the Vick Chemical Company stock in the fiscal year 1927. As to that transaction the basic figure used was much lower than that in the other sales of the same stock, but the difference is not explained. However, there appears to be no controversy as to this figure. On each sale, and on the liquidation of the Peerless Chemical Company, the respondent computed a profit by using as a basis the cost of the property to the Realty Company.

In determining the deficiency for the period December 22, 1925, to June 30, 1926, the respondent eliminated from income the amount of $75,228.39 reported by petitioner in its amended return as profit realized on the liquidation of the Realty Company.

Upon the facts above outlined petitioner contends that its acquisition of the Realty Company stock and its subsequent acquisition of the Realty Company's assets on the liquidation of the stock must be considered as separate transactions. It further contends that the liquidation of the Realty Company was a closed transaction on which it realized taxable income and that upon sale of the assets acquired in liquidation its basis for gain or loss is the value thereof at the time of acquisition. The respondent's position is that the liquidation of the Realty Company was a part of a merger plan constituting a reorganization as defined by the Revenue Act of 1926, and gave rise to no gain or loss, and that upon the disposition of the property acquired in liquidation petitioner's basis is cost to the transferor.

The primary basis for redetermining gain or loss under the Revenue Act of 1926 is laid down in section 204 (a) as being the cost of the property, but this is followed by eleven enumerated exceptions. These exceptions, stated broadly, deal with property acquired through various means other than by purchase for cash. The subsection which the respondent contends is applicable is (a) (7) reading as follows:

If the property (other than stock or securities in a corporation a party to the reorganization) was acquired after December 31, 1917, by a corporation in

connection with a reorganization, and immediately after the transfer an interest or control in such property of 80 per centum or more remained in the same persons or any of them, then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made.

Petitioner argues that this subsection does not apply here, because at the outset it excepts from its operation " stock or securities in a corporation a party to the reorganization." This argument is based on the fact that in the reorganization to which it and the Realty Company were parties it acquired the stock of the Realty Company as distinguished from its assets. We may say here that the parties are agreed that petitioner's acquisition of the Realty Company's stock April 1, 1926, constituted a " reorganization " within the meaning of section 203 (a) (h) of the Revenue Act of 1926.

The answer to petitioner's argument is that section 204 (a) (7) is not limited to property acquired in a tax-free reorganization, but includes property " acquired in connection with a reorganization." In many cases a liquidation may give rise to gain or loss and hence establish a new basis, but where the liquidation is in connection with a reorganization, and the other factors set out in the quoted section are applicable, the distributee of the property is required to use the same basis as the transferor. See *Mente & Co.*, 24 B. T. A. 401, and *Flushing Nurseries Co.*, 25 B. T. A. 938.

The respondent has found that the liquidation took place in connection with a reorganization. Petitioner points to the fact that the reorganization took place on April 1, 1926, and that thirty. days elapsed between that date and the liquidation. The stipulation filed, however, shows that on April 12, 1926, the directors voted to dissolve the Realty Company. While the element of time may not be decisive of whether the dissolution and liquidation are in connection with a reorganization, in this case the comparatively short interval of time between the transactions, with no showing by the petitioner of any contrary intent, tends to support the respondent's view. Certainly there is nothing in the record to overcome the presumptive correctness of the respondent's finding.

In our opinion the petitioner's acquisition of the Realty Company's assets was an acquisition such as is described in section 204 (a) (7) of the Revenue Act of 1926 and the respondent was correct in computing gain on the basis of cost to the Realty Company. Holding as we do, there is no occasion to pass upon respondent's alternative claim for an increased deficiency for the period ended June 30, 1926, in the event we hold that the liquidation was a taxable transaction.

Reviewed by the Board.

*Decision will be entered under Rule 50.*